Morris E. Spector, J.
The defendants Cantor and Kleiner move for dismissal for legal insufficiency of the first, second and third causes contained in the amended complaint and for dismissal pursuant to rule 107 of the Buies of Civil Practice upon the ground that maintenance of such causes is time-barred. The defendant Cantor, Fitzgerald & Co., Inc., moves for dismissal for insufficiency of the second and third causes and for their dismissal pursuant to rule 107 upon the ground that the maintenance of the causes is time-barred. The individual defendants move in addition for relief pursuant to rule 102, requiring separate statement and numbering of causes contained in the first cause of action or, in the alternative, pursuant to rule 103, striking out paragraphs 27 to 30 inclusive, and the corporate defendant moves further pursuant to rule 103, striking out paragraph 42.
The individual defendants constitute, as alleged, the Landau Group and the Cantor Group. The former group, prior to June 1, 1955, owned substantially all the outstanding capital stock of the plaintiff and constituted a majority of the board. After June 1, 1955 that group remained stockholders and continued to control the management. Prior to June 1, 1955 the corporation engaged in long-term employment contracts with members of the Landau Group, their compensation measured in part and based on ‘ ‘ the annual consolidated net income, before taxes, of NTA and its subsidiaries It is alleged in the first cause of action that commencing in 1956 plaintiff advanced substantial sums to its wholly-owned subsidiary, NTA Film Network, Inc., which from the outset had sustained operational losses. Nevertheless, the Landau Group caused the plaintiff to omit the operating losses of Network and to omit any provision for reserve against such losses from its published consolidated profit and loss statement for the fiscal years ending July 31,1957 and July 31,1958. Such statements reflected profits *158 during those fiscal years, when, in fact, the plaintiff’s subsidiaries had incurred losses. On the basis of such alleged published false statements, plaintiff did pay to the Landau Group the bonuses or compensations owing to them computed on the basis of such statements, which payments were in excess of the sum to which they were entitled as their participation in profits under the employment contracts. It is further alleged that the statement for the fiscal year ending July 31, 1957 was approved by the directors of the plaintiff at some date between October 15, 1957 and December 7, 1957, and that the statement for the fiscal year ending July 31, 1958 was approved by the directors of the plaintiff at some date between October 15, 1958 and December 11, 1958.
It is then alleged that the defendants, who were directors of the plaintiff during the respective periods here involved, knew or, in the exercise of due diligence, should have known that plaintiff had made no profit in those years but had, in fact, sustained losses and that the payments made to the Landau Group, entitled to share in profits, were improper and a waste to the plaintiff’s assets.
The defendant Cantor was a director, as alleged, from September 12, 1957 to December 6, 1957 and from April 15, 1959 to October 20, 1960. During the period involved in the second statement and its approval by the board, Cantor was not a director. Cantor was not a director on the last date of alleged possible approval by the board on December 7, 1957, and in the circumstances here December 7, 1957 must be deemed the controlling date for the imposition of liability upon the defendant Cantor with respect to the first period ending July 31, 1957. Accordingly, the first cause of action is insufficient as against the defendant Cantor, and it is insufficient as to him in all events with respect to the second period.
The defendant Kleiner was a director from December 20, 1957 to April 3, 1959. Consequently, with respect to the first period ending July 31, 1957 and the board’s approval at a date not later than December 7, 1957, the defendant Kleiner is not subjected to liability. There is no allegation that either defendant Cantor or defendant Kleiner as director had given his approval as a member of the board; and again no liability will attach unless there is factual allegation to support the claim that either defendant should have had such knowledge concerning the claim of falsity as to require either defendant to take action, failing which he would be subjected to liability for breach of fiduciary duty.
*159 In connection with the first cause, each defendant urges that plaintiff was not required to include in its consolidated statement of profit and loss the profit and loss statement of Network. The contention is irrelevant, for the employment contracts required payment of bonus only in the event of annual consolidated net income of plaintiff and its subsidiaries, regardless of any published consolidated statement pursuant to the Securities Act of 1934.
It is agreed that the three-year statute is applicable to the first cause. At all times the defendants Cantor and Kleiner were residents of the State of California. Plaintiff nevertheless relies on the provisions of section 19 of the Civil Practice Act. Whether and when the statute commenced to run and what periods, if any, are to be excluded from computation are matters requiring a hearing of the issues. While the first cause is found to be insufficient with leave to amend, the issue should nevertheless be heard. Accordingly, the application made pursuant to rule 107 with respect to the first cause is granted, directing a trial of the issues.
In the second cause it is alleged that plaintiff caused to be sold to the public $5,000,000 face amount of its 6% Subordinate Sinking Fund Notes with Common Stock Purchase Warrants and 325,000 shares of plaintiff’s capital stock. Defendant Cantor, Fitzgerald & Co., Inc., acted as underwriter, and during that time the defendant Cantor was a director of National Theatres & Television, Inc. As.part of the agreement to underwrite, the corporate defendant had demanded, and it was granted, a contract to render financial advice to the plaintiff at a stated annual compensation, and the defendants Cantor, Ostrow and Westheimer were placed on plaintiff’s board of directors and defendant Cantor was made a member of plaintiff’s executive committee. The defendants Cantor and Ostrow were displaced as directors and on the executive committee by the defendants Kleiner and Hudson. It is then alleged that the Landau Group, owning substantial stock of the plaintiff and having long-term employment contracts and knowing that the plaintiff was in serious financial difficulties and therefore their stock and stock options and employment contracts were or were about to become worthless, engaged in a conspiracy with the Cantor Group pursuant to which the Landau Group agreed to and permitted the Cantor Group to appropriate funds and assets of plaintiff in consideration of the agreement of the Cantor Group to enable the Landau Group to exchange their securities in the plaintiff for valuable securities in NT&T and to acquiesce in the wrongful taking of bonuses, the subject of *160 the first cause of action. There is then set forth in paragraph 43 of the second cause of action, in subdivisions (a) to (i), the claimed acts of waste. Clearly the allegations of the claimed acts of waste are factual; the allegations contained in paragraph 42 of the complaint with respect to the claim of conspiracy are conclusory. Insofar as control of the management of NT&T is concerned, the sole allegation is that the defendant Cantor was a director thereof. There is no factual allegation to support the claim of the existence of a conspiracy or demonstration by factual allegation that either the defendant Cantor, as a director thereof, or NT&T or any other party did so engage in or effectuate such claimed conspiracy. The purpose of alleged conspiracy is to extend liability to all the defendants with respect to the several acts of waste as alleged in paragraph 43 of the second cause. Nevertheless, without the aid of appropriate allegation of conspiracy the factual allegations of waste are sufficient to impose liability on the respective defendants against which each of such acts of waste is directed. Accordingly, the second cause of action is sufficient.
The three-year Statute of Limitations does not appear to be applicable as to the second cause since it is charged that the defendants personally profited as the result of the alleged diversions. As to the second cause, the application for dismissal pursuant to rule 107 is denied with leave to the defendants, if they so desire, to plead the three-year statute in their answer.
In the third cause it is alleged that in July, 1957 the plaintiff caused to be sold to the public $5,000,000 in face amount of 6% Sinking Fund Subordinated Notes. The principal underwriter was the corporate defendant, and as a result the Cantor Croup, their customers, associates and privies became the owners of substantial amounts of those notes. The indenture required that plaintiff pay to a designated trustee as a Purchase and Sinking Fund for the retirement of the notes certain stated sums at designated times, beginning September 15,1957 through March 15, 1962. The indenture provided further that such cash was to be applied to the purchase of notes in the open market, or pursuant to tenders, as plaintiff may direct, at a price not exceeding the principal amount thereof plus accrued interest to the date of purchase and that plaintiff could purchase notes on the open market and receive credit for Sinking Fund purposes in the amount of the cost of such acquisitions. It is alleged that prior to March, 1958 plaintiff repurchased for Sinking Fund purposes $505,000 face amount of notes at prices between 76% and 83% of par. However, as further alleged, between June, 1958 and December, 1959 plaintiff was caused *161 to purchase notes of the approximate amount of $1,500,000 face amount for Sinking Fund purposes at prices ranging between 92% and 98%% of par. Substantially all of such purchases were made through the corporate defendant, and upon information and belief substantially all of such purchases were made from the Cantor Group, their customers or associates, and upon information and belief the public market as existed in those notes was artificially maintained by the Cantor Group. The prices of 92% to 98%% of par were substantially in excess of the fair and reasonable value of the notes, which was at best 76% to 83% of par and substantially in excess of the prices plaintiff was required to pay to acquire notes during the immediately preceding period.
Finally it is alleged that during the period of such acquisitions for the account of the plaintiff it was constantly short of working capital and continuually borrowing money, at interest rates of up to 24% per annum. The defects found to exist in the third cause of action as stated in the original complaint have been cured. The allegation that the public market was maintained is not conclusory and, if it were, the allegation is nevertheless not essential to the statement of the cause. Enough is set forth as a matter of pleading to survive the application of the best judgment rule. The third cause of action is sufficient.
As to the application with respect to the third cause pursuant to rule 107, it appears that the three-year statute is applicable as to the defendant Cantor, Fitzgerald & Co., Inc., and, at least as to some of the transactions, maintenance of the cause as to it would he time-barred. This action was commenced against that defendant on January 19, 1962. As to it, therefore, the motion to dismiss pursuant to rule 107 is granted as to all matters as to which the cause accrued more than three years before January 19,1962.
The three-year statute is not applicable as to the defendants Cantor and Kleiner since they are charged with profiting as the result of the alleged acts of waste and, therefore, as to them, the application for dismissal pursuant to rule 107 is denied.
With respect to the application for relief pursuant to rule 102 as to the first cause of action, no need is perceived for the separate statement and numbering of causes, and that application is denied. The relief sought in the alternative pursuant to rule 103 for the elimination of paragraphs 27, 28, 29 and 30 is also denied.
The application of the moving defendants pursuant to rule 103 to strike out the allegations of paragraph 42 is granted.
Accordingly, the motion is disposed of as follows:
As to the first cause of action, the application for dismissal pursuant to subdivision 4 of rule 106 is granted and, pursuant *162 to rule 107, it is granted to the extent of directing a hearing of the issue; as to the second cause, the application for dismissal pursuant to subdivision 4 of rule 106 is denied and, pursuant to rule 107, it is also denied with leave, however, to plead the defense of the three-year Statute of Limitations in the answer; as to the third cause of action, the application pursuant to subdivision 4 of rule 106 is denied and, pursuant to rule 107, the application is granted as to the corporate defendant as to all acts and matters occurring more than three years prior to January 19, 1962, and as to the defendants Cantor and Kleiner, it is denied; the application for relief pursuant to rule 103 is granted to the extent of striking out the allegations of paragraph 42 of the complaint; the application for relief pursuant to rule 102 is denied; the motion is otherwise denied. Plaintiff may serve a further amended complaint within 20 days from service of a copy of this order with notice of entry.